J-A08006-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| L.E.C. f.k.a. L.C.S., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| J.A.S., | : | |
| | : | |
| Appellee | : | No. 1598 MDA 2014 |

Appeal from the Order Entered August 19, 2014
in the Court of Common Pleas of Centre County,
Civil Division, at No(s): 2009-1567

BEFORE:   SHOGAN, WECHT, and STRASSBURGER,* JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.:        **FILED JUNE 29, 2015**

Because I believe the trial court did not give proper credit to the articulated preference of the children at issue herein, I respectfully dissent.

The Majority determines that, in assessing section 5328(a)(7), the trial court concluded properly that C.S. did not express a preference with respect to the relocation, and that E.S.'s stated preference did not outweigh the other custody factors.  Majority Memorandum at 26.  It has been said that an older teenager is like an elephant - he sleeps wherever he wants.  While the "Elephant Rule" is not incontrovertible, courts have to recognize the limitations of their power in determining where older teenagers must reside.

During the *in camera* hearing, the parties' children testified as follows.

THE COURT: Well, it's a good opportunity for [Mother]. I'm trying to see if it's a good opportunity for you.

---

*Retired Senior Judge assigned to the Superior Court.

[C.S.]: Yeah. I mean, [the proposed new school in Connecticut has] all the sports that [E.S.] and I do. They have really good academics. I know that my math, I'm, like, a grade ahead in some of the other schools around there, but this one has the math program. That's really -- it looks really good. They have some science and French stuff that looks good for me. I like the area and I like going with -- and I wouldn't have a problem going there. It would be tough to leave my friends behind but I mean, you got to make new ones. It's a good thing.

THE COURT: You've been talking about this with your mom?

[C.S.]: Well, yeah.

THE COURT: Sounds like it.

[C.S.]: What she wants for us is she wants us to, like, make our own decision and not just have the [c]ourt decide it. She wasn't going for us to go there but it's a nice area and we definitely -- I definitely like it.

[E.S.]: I mean, I don't think that one area has a better -- like, I mean, I -- they're very equal. You know, if you move up to Farmington, you're not dropping out and you're not dropping out of State High either. The levels are basically the same. And I love both of my parents, but I'd probably just go up with her because she's my mom and she's been very supportive of me through everything.

THE COURT: So, you're not gung ho either way?

[E.S.]: I don't -- I mean, I don't really particularly want to leave but I don't particularly want to stay either because I think it would be different. **Like, if my mom was staying here and my dad was leaving, I think I'd still stay with my mom.** I just don't think that any area is superior to another and it's just basically what household do you want to live in.

[C.S.]: And I definitely get a very active feel from that area. I really like it. **I mean, if I had to choose, I really wouldn't want to leave any place. But if I would, I would definitely go there. So, I would like to go there, I think.**

THE COURT: Then you wouldn't see your dad as much.

[C.S.]: Yeah. Well, it's kind of a tradeoff there because you either don't see your dad as much or you don't see your mom as much. I mean, we'd still probably see them at least sometimes and that would be good. I mean, I wouldn't want to go there and never see him again. I mean, I would definitely want to keep in touch with him and make sure that we see him a lot.

[E.S.]: Well, I know I've talked with both my mom and my dad and they said if you stay, whatever situation it is, we'll make sure you see the other parent pretty regularly.

THE COURT: So, they both said that? Good to know. Well, they've been good about doing 50/50. Okay. Well, I'm the one who makes the decision. And for me to make the decision, I look at a whole bunch of factors. And what you're telling me is something I'll take into consideration. But there's no deciding factor, there's just a whole bunch of things and I have to weigh it all and decide what's best. So, I will try to do that, but we won't know that for a while. Anything else that you want me to know?

[E.S.]: This just goes for me, can't speak for him. But through everything, I mean, I definitely don't see eye to eye with my dad all the time. He's not bad, but it's just like some of the things that he doesn't support me in, kind of -- you know, that's influencing my decision. And I think, you know, I'm not saying -- it should be -- you know, if I have to stay with him, it's not a bad thing, but that's not where I'd rather be. And you know, I think if I don't end up -- you know, if I end up staying with my dad or with my mom and I don't like that, I think both of them, they can work that out, too.

[C.S.]: And I was just saying, the schools, like, especially [in State College], they're huge. Like, the State High School, almost 2,500 kids, it doesn't matter how big your school is, I would like 16 to get a more individualized, almost like a one-on-one. I think it would be a better opportunity with a little bit of a smaller school. Like, Farmington only has, I don't know, 1,000 to 1,500 kids. But I think that would be a little more individualized because the schools, I know that they're both great academically but if someone falls through the cracks, I think it would be easier to do at State High because there's so many kids there, you just

- 3 -

kind of got to go, go, go with all the general population and there are some left behind.

THE COURT: It seems to me you're not going to be left behind when you're a grade ahead already in math. You may be leaving them all behind.

[C.S.]: I still wouldn't want to do bad or make any of that happen. I think that would be a little less likely to happen if I were to go to a little smaller school. Just in case if I miss a lesson or I don't understand something, I think it would be a little bit easier to figure out if I had only, let's say, 10 to 15 kids at Farmington than, like, 20 to 30 kids at the high school.

THE COURT: Okay. All right. Well, thank you for talking to me.

N.T., 7/8/2014, at 48-52 (emphasis added).

Thus, consideration of the children's testimony, particularly the portions emphasized above, demonstrate a clear, well-reasoned preference on the part of **both** children to relocate to Connecticut with Mother. Further, while both E.S. and C.S. are doing well at their current schools and participate in many activities and volunteer opportunities, there is no evidence that the children's involvement or academic achievements will diminish should they move to another school district. Simply put, other factors should not override the articulated preference of the teenagers at issue. Accordingly, the trial court erred in concluding otherwise.

Based on the foregoing, I would reverse the order of the trial court granting Father primary physical custody of both children during the school year.